UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURA AICHELE,<br><br>Plaintiff,<br><br>v.<br><br>HYATT HOTELS CORPORATION, et al.,<br><br>Defendant. | CASE NO. 2:26-CV-731-DWC<br><br>ORDER GRANTING LEAVE TO AMEND |

On March 3, 2026, Plaintiff initiated this personal injury action for damages. Dkt. 1. Pending before the Court is Plaintiff's Laura Aichele's Motion for Leave to File an Amended Complaint (Dkt. 15) and Plaintiff's Response to the Court's Order to Show Cause (Dkts. 14, 16). The Court concludes the interests of justice require giving leave to amend. Accordingly, Plaintiffs' Motion to Amend (Dkt. 15) is granted. The Court also finds the parties have shown cause and the Court declines to impose sanctions for the parties' failure to respond to the Court's Order to File a Joint Status Report.

**I. Background**

In the Complaint, Plaintiff alleges Defendants are liable for damages as a result of injuries Plaintiff suffered as a result of a fall on premises owned or controlled by Defendants or pursuant to acts of Defendants' actual or apparent agent. Dkt. 1. Plaintiff seeks to amend the complaint to (1) dismiss Secrets Riviera Cancun Resort & Spa as a separately named defendant, and (2) add Hyatt Corporation, a Delaware corporation affiliated with Defendant Hyatt Hotels Corporation, as an additional defendant. The proposed Amended Complaint adds no new claim, no new legal theory, and no new factual allegation of substance; it corrects the identity of the defendants named to match the corporate structure already described at length in the operative Complaint. Dkt 15, 1-2.

On April 14, 2026, Defendant Hyatt Hotels Corporation appeared and filed its Answer. Dkt. 8, 10. The Court directed the filing a Joint Status Report by July 31, 2026. Dkt. 14. On August 24, 2026, Plaintiff filed the Motion. *See* Dkt. 15. The parties have not filed the Joint Status Report. *See* Docket. A scheduling order has not been entered in this case and a trial date has not been set.

**II. Discussion**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) ***Amending as a Matter of Course***
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments***
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Defendants have filed an answer, Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 17. Thus, to amend the Complaint, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). When determining whether to grant leave to amend, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Defendant Hyatt Hotels Corporation asserts the Motion should be denied because the proposed amended complaint to add Hyatt Corporation is futile. Dkt. 17. Hyatt does not oppose the portion of the motion that dismisses Secrets Riviera Cancun Resort & Spa. *Id.* Hyatt Hotels opposes only the addition of Hyatt Corporation, because it and Hyatt Corporation never owned, operated, possessed or controlled the Mexican resort where Plaintiff was injured and that an amendment which cannot survive a motion to dismiss is futile. *Id.*

Defendants do not assert, nor does the Court find, Plaintiffs have acted in bad faith or with undue delay in filing the Motion. *See id*. Defendants also do not contend, nor does the Court find, Defendants will be prejudiced if the Motion is granted. *See id*. Further, Plaintiffs have not previously amended the Complaint. Thus, the sole issue before the Court is whether Plaintiff's proposed amended complaint is futile. *See* Dkt. 17. "[A] proposed amendment is futile only if no

set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of [futility] challenges ... until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

In the proposed amended complaint, Plaintiff alleges claims for negligence, vicarious liability, negligent supervision, and alter-ego/single-enterprise liability against Hyatt Corporation on the same factual and legal theories already plead against Hyatt Hotels Corporation. Dkt. 15-1. Hyatt Hotels asserts it and Hyatt Corporation owed no duty to Plaintiff with respect to a resort they did not own, operate or control. Dkt. 17, 4-6. In addition, Hyatt contends amendment is futile because the Court lacks personal jurisdiction to injuries which occurred in Mexico and because the proposed claim against it would be subject to dismissal on forum non conveniens grounds. *Id.,* 6-9.

After review, the Court does not find the proposed amended complaint is clearly and unambiguously futile. Therefore, Defendants futility challenges are more appropriate in a separately filed motion to dismiss. *See Foman v. Davis*, 371 U.S. 178, 182, (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *Bd. of Trustees of the Auto. Indus. Welfare Fund v. Groth Oldsmobile/Chevrolet, Inc.*, 2010 WL 760452, at *3 (N.D. Cal. Mar. 4, 2010) ("This court normally will not rule on the futility of an amendment at the motion to amend stage of the litigation unless the proposed amendment is clearly and unambiguously futile. In general, the futility of an amendment is better tested in a motion to dismiss for failure to

state a claim or a summary judgment motion.”). Therefore, the Court finds the interests of justice require allowing Plaintiff to amend the Complaint.

## III. Conclusion

For the above stated reasons, the Court finds the interests of justice require giving Plaintiff leave to amend. Accordingly, Plaintiff’s Motion to Amend (Dkt. 15) is granted without prejudice to Defendants’ right to move to dismiss for lack of duty, lack of personal jurisdiction, and/or forum non conveniens. Plaintiff is directed to file the proposed amended complaint (Dkt. 15-1) as the operative amended complaint on or before **September 30, 2026**.

Dated this 23rd day of September, 2026.

David W. Christel
United States Magistrate Judge